# EXHIBIT A

**HELMER, CONLEY & KASSELMAN, P.A.**
By: Alexander J. Wazeter, Esquire – 033371982
Washington Professional Campus
900 Route 168, Suite D-5
Turnersville, NJ 08012
Phone: (856) 232-7000
Attorney for Plaintiff, Tracy Smith

| | |
|---|---|
| TRACY SMITH | : SUPERIOR COURT OF NEW |
| | : LAW DIVISION |
| Plaintiff, | : CUMBERLAND COUNTY |
| | : |
| | : |
| | : Docket No. CUM-L-876-16 |
| vs. | : |
| | :          CIVIL ACTION |
| | : |
| AMERICAN FEDERATION OF STATE, | : |
| COUNTY, AND MUNICIPAL EMPLOYEES, | : |
| AFL-CIO DISTRICT COUNCIL 71 | : |
| | : |
| | : SUMMONS |
| | : |

FROM THE STATE OF NEW JERSEY, TO The Defendant Named Below:

**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO DISTRICT COUNCIL 71**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your Attorney must file a written Answer or Motion and Proof of Service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it (the address of each deputy clerk of the Superior Court is provided).

If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if not attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is

entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an Attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith*
Michelle M. Smith
Clerk, Superior Court

Dated: 1/9/17

Name of Defendant to be served: **Mattie Harrell, Executive Director**
**American Federation of State, County, and Municipal**
**Employees, AFL-CIO District Council 71**
Address: **321 Leonard Cake Road**
**Franklinville, NJ 08322**

**NEW JERSEY BAR ASSOCIATION**
Lawyers Referral Service
(800) 792-8315
Legal Serv. of NJ, Inc.
(732) 249-5000
**ATLANTIC COUNTY**
Atlantic County Bar Assoc.
Lawyer Referral Service
(609) 345-3444
Cape-Atlantic Legal Services
(609) 348-4200
**BERGEN COUNTY**
Bergen County Bar Assoc.
Lawyer Referral Service
(201) 488-0044
Bergen County Legal Services
(201)487-2166
**BURLINGTON COUNTY**
Burlington Cty. Bar Assoc.
Lawyer Referral Service
(609) 261-4542
Regional Legal Services, Inc.
(609) 964-2010
**CAMDEN COUNTY**
Camden County Bar Association
Lawyer Referral Service
(856) 964-4520
Camden Regional Legal Ser.
(609) 964-2010
**CAPE MAY COUNTY**
Cape-Atlantic Legal Services
(609) 463-0313
**CUMBERLAND COUNTY**
Cumberland County Bar
(856) 692-6207

Regional Legal Services, Inc.
(609) 964-2010
**ESSEX COUNTY**
Essex County Bar Association
(201) 622-6227
Essex County Legal Aid Ass'n.
(201) 622-1513
**GLOUCESTER COUNTY**
Gloucester County Bar Assoc.
Lawyer Referral Service
(856) 848-4071
Regional Legal Services, Inc.
(609) 964-2010
**HUDSON COUNTY**
Hudson County Bar Association
Lawyer Referral Service
(201) 332-9669 (con't. above)

Hudson County Legal Service
(201) 792-6363
**HUNTERDON COUNTY**
Hunterdon Cty. Bar Assoc.
Hunterdon Cty. Legal Services
(201) 782-7979

**MERCER COUNTY**
Mercer Cty. Bar Assoc.
Lawyer Referral Service
(609) 989-0880
Legal Aid Soc. of Mercer Cty.
(609) 695-6249
**MIDDLESEX COUNTY**
Middlesex Cty. Bar Assoc.
Lawyer Referral Service
(732) 828-3433
Middlesex Cty. Legal Serv.
(201) 249-7600
**MONMOUTH COUNTY**
Monmouth Cty. Bar Assoc.
Referral Program
(908) 431-5544
Ocean-Monmouth Legal Serv.
(908)866-0020
**MORRIS COUNTY**
Morris Cty. Bar Assoc.
(201) 267-5882
Legal Aid Soc. of Morris Cty.
(201) 285-6911
**OCEAN COUNTY**
Ocean County Bar Assoc.
(908) 240-3666
Ocean Monmouth Legal Serv.
(908) 341-2727
**PASSAIC COUNTY**
Passaic Cty. Bar Assoc.
(201) 278-9223
**SALEM COUNTY**
Regional Legal Serv., Inc. /Lawyer Referral Service
(856) 964-2010 / (856) 935-5629
**SOMERSET CTY. BAR ASSOC.**
Somerset-Sussex Legal Serv.
(908) 231-0840
**SUSSEX COUNTY**
Somerset-Sussex Legal Serv.
(201) 383-7400
**UNION COUNTY**
Union Cty. Bar Assoc.
(908) 353-4715
**WARREN COUNTY**
Warren Cty. Legal Services
(908) 475-2010

CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON          NJ 08302

COURT TELEPHONE NO. (856) 453-4330
COURT HOURS  8:30 AM - 4:30 PM

                                        TRACK ASSIGNMENT NOTICE


                    DATE:   DECEMBER 27, 2016
                    RE:     SMITH VS AMERICAN FEDERATION
                    DOCKET: CUM L -000876 16

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST,

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DARRELL M. FINEMAN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      102
AT: (856) 453-4343.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                    ATTENTION:

                         ATT: ALEXANDER WAZETER
                         HELMER CONLEY & KASSELMAN PA
                         900 ROUTE 168
                         SUITE D 5
                         TURNERSVILLE    NJ 08012

JUHGRI0



# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Alexander J. Wazeter, Esquire 033371982 | (856) 232-7000 | Cumberland |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Helmer, Conley & Kasselman, PA | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 900 Route 168, Suite D-5 Turnersville NJ 08012 | Complaint |
| | JURY DEMAND  ☒ Yes  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Tracy Smith, plaintiff | Tracy Smith v. American Federation of State, County and Municipal Employees, AFL-CIO District Council 71 |

| CASE TYPE NUMBER (See reverse side for listing) 509 | HURRICANE SANDY RELATED? ☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☒ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER/EMPLOYEE  ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR  ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ Yes  ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ Yes  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ☐ Yes  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Alexander J. Wazeter, Esq. (№ 033371982)
HELMER, CONLEY & KASSELMAN, P.A.
900 Route 168, Suite D-5
Turnersville, NJ 08012
Telephone: (856) 232-7000
Fax: (877) 872-8879
Attorneys for Plaintiff

SUPERIOR COURT OF N.J
CUMBERLAND COUNTY
LAW DIVISION

DEC 21 2016

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

| | |
|---|---|
| TRACY SMITH,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO DISTRICT COUNCIL 71,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, CIVIL PART<br>CUMBERLAND COUNTY<br><br>Docket № CUM-L-876-16<br>Civil Action<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, Tracy Smith, residing at 1389 S. East Ave., City of Vineland, County of Cumberland, and State of New Jersey (08360), by way of complaint against Defendant, says:

### INTRODUCTORY COUNT

1. Plaintiff was formerly employed as a Staff Representative working for Defendant, the American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71 ("AFSCME").

2. AFSCME is a collective bargaining organization, the purpose of which is to represent the interests of public-sector employees in southern New Jersey.

3. Defendant's primary place of business is located at 2299 Fries Mill Rd., Community of Williamstown, Township of Monroe, County of Gloucester, State of New Jersey (08094).

4. Plaintiff was hired by Defendant in 1993, and her employment was terminated in 2011.

5. During her employment with Defendant, Plaintiff was represented by the Association of Union Staff and Office Personnel (AUSOP).

6. AUSOP is a collective bargaining organization, the purpose of which is to represent the interests of the employees of AFSCME.

7. On January 11, 2010, Defendant entered into a written contract with AUSOP titled "Agreement Between American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71 and the Association of Union Staff and Office Personnel". Brenda J. Carpenter executed that Agreement on behalf of Defendant, and John P. Hemmy executed it on behalf of AUSOP. See **EXHIBIT A**.

8. That Agreement provided a number of rights for the members of AUSOP with respect to the terms of her employment with Defendant.

9. Among these rights were formal disciplinary procedures, grievance procedures, a "last-in, first-out" policy, and a severance pay policy.

10. The rights specified in the Agreement were applicable to Plaintiff, as she was both a member of AUSOP and a covered employee of Defendant.

11. Plaintiff's employment with Defendant was terminated by Defendant on March 3, 2011

12. The Agreement was effective as of the time of Plaintiff's termination by Defendant.

13. Prior to and following Plaintiff's termination, Defendant failed to comply with the terms of the Agreement.

## COUNT ONE:
## BREACH OF CONTRACT

14. The preceding paragraphs are incorporated as if herein set forth at length.

15. Prior to Plaintiff's termination by Defendant, Defendant failed to adhere to the procedures outlined in the Agreement. Specifically, Defendant failed to comply with the disciplinary and grievance procedures or the "last-in, first-out" policy.

16. Following Plaintiff's termination by Defendant, Defendant failed to pay the amount of severance pay to Plaintiff to which she was entitled under the Agreement.

17. Defendant's failures to comply with the requirements of the Agreement constitute material breaches of that Agreement.

18. Defendant's breaches have proximately caused significant financial damages to Plaintiff.

WHEREFORE, Plaintiff, Tracy Smith, demands judgment against Defendant, the American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71, for nominal, consequential, compensatory, and punitive damages, together with interest, costs of suit, attorneys' fees, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT TWO:
## LEGAL FRAUD

19. The preceding paragraphs are incorporated as if herein set forth at length.

20. Defendant, through its agent, Brenda J. Carpenter, materially misrepresented to AUSOP and the employee members thereof that it consented to the terms of the Agreement and intended to be bound thereby.

21. Defendant has since disclaimed the validity of the Agreement and refused to be bound by its terms. See **EXHIBIT B**.

22. Defendant's signature of the Agreement, and representations made thereafter about its validity, were false at the time they were made, and Defendant knew, or had reason to know, of their falsity.

23. Defendant intended that Plaintiff would rely on its false promises.

24. Plaintiff reasonably relied on Defendant's false promises.

25. Defendant's fraud has proximately caused significant financial damages to Plaintiff.

WHEREFORE, Plaintiff, Tracy Smith, demands judgment against Defendant, the American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71, for nominal, consequential, compensatory, and punitive damages, to-

gether with interest, costs of suit, attorneys' fees, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT THREE:
## PROMISSORY ESTOPPEL

26. The preceding paragraphs are incorporated as if herein set forth at length.

27. Defendant, through its agent, Brenda J. Carpenter, represented to AUSOP and the employee members thereof that it consented to the terms of the Agreement and intended to be bound thereby.

28. The Agreement contained various promises made by Defendant to the members of AUSOP, including Plaintiff, with respect to the terms of their employment. These promises included formal disciplinary procedures, grievance procedures, a "last-in, first-out" policy, and a severance pay policy.

29. Defendant knew, or had reason to reasonably expect, that Plaintiff would rely on those promises.

30. Plaintiff reasonably relied on Defendant's promises.

31. Defendant has failed to honor those promises.

32. Defendant's failure to adhere to its promises has proximately caused significant financial damages to Plaintiff.

WHEREFORE, Plaintiff, Tracy Smith, demands judgment against Defendant, the American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71, for nominal, consequential, compensatory, and punitive damages, together with interest, costs of suit, attorneys' fees, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT FOUR:
## EQUITABLE ESTOPPEL

33. The preceding paragraphs are incorporated as if herein set forth at length.

34. Defendant, through its agent, Brenda J. Carpenter, represented to AUSOP and the employee members thereof that it consented to the terms of the Agreement and intended to be bound thereby.

35. The Agreement contained various promises made by Defendant to the members of AUSOP, including Plaintiff, with respect to the terms of their employment. These promises included formal disciplinary procedures, grievance procedures, a "last-in, first-out" policy, and a severance pay policy.

36. Defendant knew, or had cause to reasonably expect, that Plaintiff would rely on those promises.

37. Plaintiff reasonably relied on Defendant's promises.

38. Defendant has failed to honor its promises.

39. Defendant's failure to adhere to its promises has proximately caused significant financial damages to Plaintiff.

40. Defendant is therefore equitably precluded from disclaiming the Agreement or any of its obligations thereunder, and is bound by the terms of that Agreement.

WHEREFORE, Plaintiff, Tracy Smith, demands judgment against Defendant, the American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71, for nominal, consequential, compensatory, and punitive damages, together with interest, costs of suit, attorneys' fees, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT FIVE:
## EMPLOYER'S BAD FAITH AGAINST EMPLOYEE

41. The preceding paragraphs are incorporated as if herein set forth at length.

42. Defendant employed Plaintiff for approximately 18 years.

43. During the course of Plaintiff's employment, Defendant made various promises and representations to Plaintiff about the terms of her employment. These promises included formal disciplinary procedures, grievance procedures, a "last-in, first-out" policy, and a severance pay policy.

44. When Plaintiff attempted to avail herself of these rights, Defendant refused to honor them.

45. Defendant's unreasonable refusal to honor its promises constitutes bad faith.

46. Defendant's failure to honor its promises has proximately caused significant financial damages to Plaintiff.

WHEREFORE, Plaintiff, Tracy Smith, demands judgment against Defendant, the American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71, for nominal, consequential, compensatory, and punitive damages, together with interest, costs of suit, attorneys' fees, and such other and further relief as this Honorable Court may deem just and equitable.

## NOTICES & DEMANDS

Pursuant to R. 4:35-1(a), **Plaintiff hereby demands trial by jury as to all issues so triable.** Pursuant to R. 4:5-1(c), Plaintiff hereby designates Alexander J. Wazeter, Esq., of the firm of HELMER, CONLEY & KASSELMAN, P.A., as trial counsel.

Plaintiff hereby demands that each Defendant immediately serve upon Plaintiff's counsel all pleadings, notices, motions, discovery requests and discovery responses served upon them by any other party to this litigation. Plaintiff hereby demands that each Defendant, and any party subsequently filing a pleading, serve upon Plaintiff's counsel a true copy of all documents referred to in their pleading, or any other pleading subsequently filed.

HELMER, CONLEY & KASSELMAN, P.A.
Attorneys for Plaintiff

Alexander J. Wazeter, Esq.
Dated: December 20, 2016

## CERTIFICATION PURSUANT TO R.4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations relating to this suit pending or presently contemplated.

Following my initial review of this matter, it appears that there are no other persons who should be joined as parties.

HELMER, CONLEY & KASSELMAN, P.A.
Attorneys for Plaintiff

Alexander J. Wazeter, Esq.
Dated: December 20, 2016

AGREEMENT

BETWEEN

AMERICAN FEDERATION OF STATE COUNTY AND
MUNICIPAL EMPLOYEES AFL-CIO
DISTRICT COUNCIL 71

AND

THE ASSOCIATION OF UNION STAFF
AND OFFICE PERSONNEL

EFFECTIVE – JANUARY 1 2010



EXHIBIT

A

# TABLE OF CONTENTS

PREAMBLE ..................................................................................................................1

ARTICLE I - ASSOCIATION RECOGNITION................................................................1

ARTICLE II - ASSOCIATION SECURITY ....................................................................2

ARTICLE III - SENIORITY............................................................................................2

ARTICLE IV - NONDISCRIMINATION CLAUSE .........................................................3

ARTICLE V - PROBATIONARY PERIOD .....................................................................3

ARTICLE VI - DISCIPLINE AND DISCHARGE ...........................................................4

ARTICLE VII - GRIEVANCE AND ARBITRATION PROCEDURE................................5

ARTICLE VIII - LAYOFF AND RECALL ......................................................................6

ARTICLE IX - HOURS OF WORK.................................................................................7

ARTICLE X - HOLIDAYS AND PERSONAL DAYS ......................................................8

ARTICLE XI - VACATION DAYS .................................................................................9

ARTICLE XII - SELL BACK OF ACCRUED TIME........................................................11

ARTICLE XIII - SICK LEAVE.......................................................................................11

ARTICLE XIV - SALARIES ..........................................................................................12

ARTICLE XV - SEVERANCE PAY................................................................................12

ARTICLE XVI - LONGEVITY .......................................................................................13

ARTICLE XVII - EXPENSES.........................................................................................13

ARTICLE XVIII - HEALTH INSURANCE .....................................................................14

ARTICLE XIX - RETIREMENT CONTRIBUTION.........................................................15

ARTICLE XX - LEGAL PROTECTION .........................................................................15

ARTICLE XXI – JURY DUTY .......................................................................................16

ARTICLE XXII – CONTINUING EDUCATION.............................................................16

ARTICLE XXIII – BEREAVEMENT LEAVE.................................................................16

ARTICLE XXIV – SAVINGS CLAUSE..........................................................................17

ARTICLE XXV – TERM OF AGREEMENT ..................................................................18

Association of Union Staff and Office Personnel

# PREAMBLE

This Agreement, entered into by Southern New Jersey District Council 71 of the American Federation of State, County and Municipal Employees, hereafter referred to as the "Employer" or the "Council" and the Association of Union Staff and Office Personnel, hereafter referred to as the "Association" or "AUSOP", for itself and on behalf of all employees of District Council 71 AFSCME described in Article I, has as its purpose the promotion of harmonious relations between the Employer and the Association; the establishment of salaries, hours and other condition of employment.

# ARTICLE I - ASSOCIATION RECOGNITION

Southern New Jersey District Council 71 AFSCME recognizes the Association of Union Staff and Office Personnel as the sole and exclusive collective bargaining agent for the purposes of establishing hours, salaries, and other conditions of employment for all full time and part time employees of the District Council. Excluded from the recognized unit is the title of Executive Director. Also excluded from the unit are temporary employees.

## ARTICLE II - ASSOCIATION SECURITY

All present employees covered by this agreement shall, as a condition of employment, become

and remain members of AUSOP in good standing. All future employees shall be required to

become and remain members of AUSOP upon completion of their probationary period, as a

condition of employment.

## ARTICLE III - SENIORITY

A. Definition

Seniority means an employee's length of continuous service with the Council since

his/her last date of hire. If the Council converts a temporary employee who has worked

longer than six (6) months to a full time permanent status in the same or similar position,

the probationary period will be waived and his/her seniority shall be retroactive to his/her

original date of hire.

B. Seniority Lists

The Council shall upon request of the Association furnish a seniority list showing the

continuous service of each employee.

C. Breaks in Continuous Service

An employee's continuous service record shall be broken by a voluntary resignation,

discharge, or retirement. Mutually agreed upon leaves of absence shall not constitute a

break in continuous service for seniority purposes.

## ARTICLE IV - NONDISCRIMINATION CLAUSE

A. In the administration of this contract and in the Council's relationship with members of AUSOP individually and collectively, there shall be no discrimination by either of the parties, because of sex, race, color, creed, religion, age, marital status, ancestry, political activity or AUSOP activity.

## ARTICLE V - PROBATIONARY PERIOD

A. The probationary period shall be six (6) months. During this period an employee may be discharged at the sole discretion of the employer and the discharge of such a probationary employee may not be made the subject matter of the grievance and arbitration provisions of this Agreement.

B. Upon completion of the probationary period, the employee's seniority shall be retroactive to his/her date of hire.

# ARTICLE VI - DISCIPLINE AND DISCHARGE

A. Discipline

Disciplinary actions or measures include the following:

(a) Oral Reprimand

(b) Written Reprimand

(c) Suspension

(d) Discharge

Disciplinary action may be imposed upon an employee for just cause, failure to fulfill his/her responsibilities as an employee and representative of the Council. Any disciplinary action or measure imposed upon an employee may be processed as a grievance through the regular grievance procedure.

B. Discharge

There shall be no suspension or discharge without just and sufficient cause. In case of suspension or discharge, the employee may immediately proceed to Step 2 of the Grievance Procedure. The Council agrees, upon request of the employee or the Association to put the reasons for suspension or discharge in writing.

# ARTICLE VII - GRIEVANCE AND ARBITRATION PROCEDURE

A. Grievance Procedure

A grievance within the meaning of this Agreement shall be any controversy or dispute arising between the parties hereto regarding any dispute between the parties involving interpretation or application of any provision of this Agreement. Grievances shall be settled in the following manner:

Step 1: The AUSOP and/or the aggrieved employee shall take up the grievance or dispute with the Executive Director within ten (10) working days of the date of its occurrence. The Executive Director shall attempt to adjust the matter and shall respond within a calendar week.

Step 2: If the grievance has not been settled, the AUSOP may within fifteen (15) days after the reply is due from the Executive Director, request arbitration by written notice to the Executive Director. Arbitration proceedings will be conducted in the Council Headquarters in accordance with the rules and regulations of the American Arbitration Association.

B. Arbitration Procedure

Expenses for the arbitrator's services in the proceeding shall be borne equally by the Council and the AUSOP. However, each party shall be responsible for compensating its own representative and witnesses.

The decision of the arbitrator shall be binding on the parties. The arbitrator shall be requested to issue his/her decision within twenty (20) days after the conclusion of testimony and argument. The arbitrator is limited to the interpretation of this Agreement.

# ARTICLE VIII - LAYOFF AND RECALL

A. Layoffs

Should the Council have to reduce the number of employees, part time or lost time employees would be laid off first; and should it be necessary to reduce the work force further, then regular employees should be laid off based upon seniority.

Any permanent employee to be laid off will be given thirty (30) days notice. The Council agrees to make every effort to assist laid off employee to find suitable employment outside the Council.

B. Recall

When the work force is increased after a layoff, employees will be recalled according to seniority in the inverse order of the layoff. Notice of recall shall be sent to the employee at his/her last known address by registered mail. If any employee fails to report for work within ten (10) days from the date of mailing of notice of recall, he/she shall be considered a quit. Recall rights for an employee shall expire after one (1) year. Written notice of expiration of recall rights shall be sent to the employee at his/her last known address by registered or certified mail.

# ARTICLE IX - HOURS OF WORK

A. <u>Office Staff</u>

Eight consecutive hours of work including a one (1) hour Paid lunch break shall

constitute the normal workday and five (5) consecutive workdays. Monday through

Friday, shall constitute the normal workweek. Saturday, Sunday and holidays shall not

be considered mandatory workdays, unless so designated by the Council Director. If any

employee must work on a holiday he/she shall receive a personal days with pay to be

used at a later date.

B. <u>Field Staff</u>

The Director shall communicate to the field staff the direction and objectives of District

Council 71 efforts. Field staff shall establish work schedules to most effectively address

the Councils efforts. Saturday, Sunday and holidays shall not be considered mandatory

workdays, unless so designated by the Council Director. If an employee must work on a

holidays he/she shall receive a personal day to be used at a later date.

## ARTICLE X - HOLIDAYS AND PERSONAL DAYS

A. The following days shall be recognized as paid holidays:

| | |
|---|---|
| New Years Day | Columbus Day |
| Martin Luther King Day | Election Day |
| Lincoln's Birthday | Veterans Day |
| Washington's (Presidents) Birthday | Day before Thanksgiving (1/2) |
| Good Friday | Thanksgiving Day |
| Independence Day | Day after Thanksgiving |
| Labor Day | Christmas Day |

B. When any of the holidays listed above shall fall on Saturday, the preceding Friday shall be observed as the holiday. When any of the holidays listed above shall fall on Sunday, the succeeding Monday shall be observed as the holiday.

C. Employees of the Council shall also be entitled to any holiday or day off declared by the Director.

D. Employees of the Council shall also receive five (5) personal days per year. If during any year some or all of the days cannot be used, they shall carry over to the next year and be used first. Upon termination, retirement or death an employee or their listed beneficiary shall be paid for any unused personal days. Payment shall be in the same manner as payment of severance pay under this Agreement.

# ARTICLE XI - VACATION DAYS

A. During the first year of employment, a full time employee shall earn one and one quarter (1.25) days vacation leave with pay for each month of service from the date of hire up to December 31 next following such date of hire. Thereafter the employee shall receive the following vacation allotments:

1) Up to the end of the third (3rd) year of employment, fifteen (15) days paid vacation each calendar year.

2) Beginning of the fourth (4th) year of employment, twenty (20) days paid vacation each calendar year.

3) Beginning of the tenth (10th) year of employment, twenty-three (23) days paid vacation each calendar year.

4) Beginning of the fifteenth (15th) year of employment, twenty-five (25) days paid vacation each calendar year.

5) Beginning of the twentieth (20th) year of employment, thirty (30) days paid vacation each calendar year.

B. Where in any calendar year (effective January 1, 1991) the vacation leave granted per annum must be scheduled during that year. If circumstances prevent such scheduling wherein any part thereof is not used, such vacation period shall accumulate and shall be granted during the next year. Previously accrued vacation days prior to January 1, 1991 shall not be affected by this change in the policy and procedure.

C. Employees shall be paid for accrued vacation days upon termination, resignation, retirement or death. Payment shall be in the same manner as is severance pay paid under this Agreement. Upon death of an employee, the payment shall be made to the employee's listed beneficiary.

## ARTICLE XII - SELL BACK OF ACCRUED TIME

A.    Employees of the Council shall be allowed to sell back on a quarterly basis any accrued vacation or personal time. Sell back shall be in weekly allotments with the maximum being two (2) weeks in any quarter. The sold back time shall be paid at the employee's regular rate of pay. To be eligible for this benefit the employee must maintain a bank of at least seven (7) days vacation and/or personal for emergency use.

B.    Only three (3) employees can sell back accrued time in any one calendar year quarter.

## ARTICLE XIII - SICK LEAVE

A.  Full time salaried employees of District Council 71, who miss work due to their own illness or that of a family member or injury of either or any, shall receive their regular pay for the day or days they are out. Their time shall also cover them for doctor appointments of a family member or themselves.

B.  If a Staff Representative misses work due to a prolonged illness or injury after a continuous period of thirty (30) days, their automobile allowance and weekly per diem shall no longer be paid. Upon their return to work these benefits shall be reinstated.

C.  After ninety (90) continuous days of being out of work on prolonged illness or injury leave, an employee shall commence receiving State Disability Benefits. District Council 71 shall supplement the difference between the employee's regular salary and the amount received as disability.

## ARTICLE XIV - SALARIES

A. For year 2010, the starting salary for employees hired in the position of Staff Representative shall be $56,513.00. The starting rate for the position of Staff Representative shall be adjusted each year by half of the yearly increase agreed upon by the parties. The starting salary for all other positions shall be set by the Executive Director.

B. Employees hired to work on an interim basis shall receive a salary established by the Executive Director. Upon completion of said interim period and the employee being retained in the position of Staff Representative, the employee shall receive the starting salary as called for above in Section A. Time an employee spends in the interim period shall be counted toward the probationary period as called for in Article V.

C. The Association Representative and the Executive Director of Council 71 shall meet in December of each year to discuss wages increases for the following year.

D. Year end Christmas bonuses shall be granted to all staff/office employees in an amount, not less than $550.00, and shall be paid on or before December 21st of each year.

## ARTICLE XV - SEVERANCE PAY

A. Employees of the District Council are eligible for severance pay upon their leaving employment with the Council in good standing. The rate of accrual shall be at the rate of two weeks pay for each year of service starting with the employees last date of hire. The payment of said benefits shall be as follows: When an employee leaves the employ of Council 71 he/she shall continue to receive full payment for the total weeks accrued. In the event of the death of an employee, this benefit shall be paid over the same period listed above to his/her listed beneficiary.

## ARTICLE XVI - LONGEVITY

A.  Longevity shall be paid to eligible employees based on the following:

Fourth (4th) year thru sixth (6th) year                                      - Two (2%) percent of yearly salary

Seventh (7th) year thru ninth (9th) year                                  - Four (4%) percent of yearly salary

Tenth (10th) year thru fourteenth (14th) year                      - Five (5%) percent of yearly salary

Fifteenth (15th) year thru nineteenth (19th) year                - Six (6%) percent of yearly salary

Twentieth (20th) year thru twenty-fourth (24th) year        - Eight (8%) percent of yearly salary

Twenty-fifth (25th) years and up                                            - Ten (10%) percent of yearly salary


Longevity payment shall be made on or about the employee's anniversary date of

employment.  Payment shall be made in a separate check and not become a part of the

employee's base salary.

## ARTICLE XVII - EXPENSES

A.  It shall be the policy of the Employer to reimburse all employees for all necessary and

actual expenses incurred as a result of the duties of employment.  All employees incurring

such expenses shall submit a report on forms furnished by the Employer.  Receipts

covering fuel, parking fees, tolls or any other outlay of expenses incurred by the employee

shall accompany the report.  The employee shall receive a separate check for all non-taxes

expenses no later than the second pay period after their submission.

B. Employees regularly utilizing their personal vehicle in the conduct of the District Council's business shall receive four hundred fifty dollars ($450.00) per month taxable car allowance payable on the first payroll of the month.

C. Employees regularly utilizing their personal vehicle in the conduct of the Council's business shall be reimbursed the cost of insurance coverage for that personal vehicle. Said taxable reimbursement shall be made promptly to the employee in a separate check upon his/her having submitted an expense report accompanied by a copy of the cancelled payment check.

D. Office employees shall be compensated for any mileage, driven in their personal vehicle, while on office business for the Council, at the mileage reimbursement rate established by the Internal Revenue Service (IRS). These employees shall also be reimbursed, upon presentation of receipts, covering parking fees, tolls or any other outlay of expenses incurred by the employee in performing the business of the District Council.

## ARTICLE XVIII - HEALTH INSURANCE

A. The District Council shall provide, at no cost to its employees, health insurance benefits (health, dental, optical and prescription) coverage for them and their families. Employees shall also be covered by a Life Insurance Policy in the amount of two and one half (2 ½) times the employee's annual salary.

B. Upon retirement, all eligible employees shall receive paid health benefits in the manner provided by the International Union for its retired employees. Over and above those benefits, an employee shall receive a monthly payment from the Council equal to the

monthly premium paid, by the employer for vision care benefit, dental/orthodontia coverage and prescription benefits. The above shall be paid at the appropriate premium rate for the type of coverage the retiree was covered under prior to retirement. This benefit shall cease in the same manner as the employee's coverage under the International.

C.   The employer shall provide at no cost to its employees, the following coverage under AFLAC insurance; (1) cancer policy, (2) accident policy and (3) short term disability policy. To be eligible for any or all of the policies, the employee must meet the requirements as defined by the American Family Life Assurance Company (AFLAC).

## ARTICLE XIX - RETIREMENT CONTRIBUTION

A.   The employer shall pay to each employee a retirement contribution of $2,000.00, the sum of which shall be divided and paid to the employee by including it in his/her regular paycheck. This amount shall be paid in the above manner until the employee commences their third year of employment. At that time, they shall commence participation in the AFSCME International Pension Plan. Contributions for which shall be made in compliance with the plan.

## ARTICLE XX - LEGAL PROTECTION

A.   The Employer shall assume an personal liability against an employee (including fines, posting of bail or bond and attorney's fees, if counsel is not provided by the employer), arising out of any claim, suit, criminal prosecution or judgment against the employee

because of any act of the employee performed in the course of his/her duties of employment.

B.   Should an employee be incarcerated for the foregoing reasons, the employee's normal salary shall be continued for the period of imprisonment.

## ARTICLE XXI – JURY DUTY

A.   Employees who are notified that they must perform Jury Duty shall be released from their job responsibilities with pay for the period of time for which they are on call or assigned to a jury.

## ARTICLE XXII – CONTINUING EDUCATION

A.   At the discretion of the Director of District Council 71, employee can be sent to continue their education and knowledge in areas that are pertinent to the functioning of the Council and the representation of its membership. All costs shall be borne by the Council when it is sending an employee for any continuing education.

## ARTICLE XXIII – BEREAVEMENT LEAVE

All employees covered by this Agreement shall be granted bereavement leave with pay because of death in their family. Such leave shall start when requested to insure time off to attend the funeral and grieve the loss of the family member. Added time can be granted by the Executive Director.

# ARTICLE XXIV – SAVINGS CLAUSE

A.   Should any Article, Section or portion of this Agreement be held unlawful or invalid by
     any court or board of competent jurisdiction, such decision shall apply only to the specific
     Article, section or portion thereof directly specified in the decision.  Upon issuance of such
     a decision, the parties thereto agree to hold themselves available to negotiate a substitute
     for the invalidated Article, Section or portion thereof.  The remaining parts or provisions
     shall remain in full force and effect.

B.   In the event that there is a change from the existing employer, Southern New Jersey
     District Council 71 of the American Federation of State, County and Municipal Employees
     (AFSCME) to another employer under the banner of the American Federation of State,
     County and Municipal Employees (AFSCME) the new employer shall recognize the
     Association as the sole and exclusive collective bargaining agent and that all salaries,
     benefits and other conditions of employment under this Agreement shall remain in full
     force and effect.

## ARTICLE XXV – TERM OF AGREEMENT

This Agreement shall remain in force from January 1, 2010 until December 31, 2010. It is agreed that this Agreement shall be automatically renewed from year to year, unless either party gives notice in writing to amend or terminate to the other party at least sixty (6) days, but not more than one hundred and twenty (120) days, prior to the expiration date.

ACCEPTED BY:

John P. Hemmy
for the Association

Brenda J. Carpenter
for Council 71

1/11/2010
Date

1/11/2010
Date

## GEOFFREY B. GOMPERS & ASSOCIATES

778 RIVERTON ROAD

MOORESTOWN, NJ 08057

(856) 663-2566

FAX (856) 231-0194

GEOFFREY B. GOMPERS*
*ALSO ADMITTED IN PENNSYLVANIA AND OHIO

OF COUNSEL
FRANK FINCH III**
BARRY F. PENN
**ADMITTED IN PENNSYLVANIA ONLY

December 23, 2010

PHILADELPHIA OFFICE
2 PENN CENTER PLAZA
SUITE 950
PHILADELPHIA, PA 19102

(215) 567-6600
FAX (215) 567-1998
email: gompers@gomperslaw.com

**<u>VIA CERTIFIED MAIL</u>**
**<u>RETURN RECEIPT REQUESTED</u>**
Tracy A. Smith
1389 S. East Avenue
Vineland, NJ 08360

RE:    Grievance Request

Dear Ms. Smith:

This office is counsel to AFSCME District Council 71 (the "Council"). Your November 29, 2010 letter addressed to Mattie Harrell has been referred to the undersigned for response.

This letter constitutes formal notification that the Executive Board of District Council 71 does not recognize the validity of and disclaims the terms of the purported collective bargaining agreement between District Council 71 and the Association of Staff and Office Personnel ("AUSOP") dated January 1, 2010 (the "Agreement"). The Council's Constitution requires that for any agreement to be valid and bind the Council, it must first be approved by the Executive Board. No approval was appropriately sought or granted here. Therefore, the Agreement between Council and AUSOP is not valid. In fact, during the Council's Executive Board meeting on May 21, 2010, the Board voted to "disband" the 2010 contract because it was never brought before the Board for approval.

Because the Agreement is not valid, you are not entitled to grieve your one (1) day suspension or any other matter under the Agreement.

Very truly yours,

GEOFFREY B. GOMPERS

GBG/f
cc: Mattie Harrell, President, AFSCME District Council 71

Robert Ruffin, President, AFSCME Local 2218

