IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY SMITH,<br><br>               Plaintiff,<br><br>     v.<br><br>AMERICAN FEDERATION OF STATE,<br>COUNTY, AND MUNICIPAL<br>EMPLOYEES, AFL-CIO DISTRICT<br>COUNCIL 71,<br><br>               Defendant. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 1:17-cv-01034 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Alexander Wazeter, Esq.
HELMER CONLEY & KASSELMAN
900 Route 168
Suite D-5
Turnersville, NJ 08012
    Attorney for Plaintiff

David B. Beckett, Esq.
LAW OFFICE OF DAVID BECKETT
5 Mapleton Road
Suite 100
Princeton, NJ 08540

**SIMANDLE, District Judge:**

**I.    INTRODUCTION**

Plaintiff Tracy A. Smith (hereinafter, "Plaintiff") brought

this suit against Defendant American Federation of State,

County, and Municipal Employees, AFL-CIO District Council 71

("AFSCME") (hereinafter, "Defendant") alleging that Defendant's

termination of her employment in March 2011 violated the terms

of the collective bargaining agreement between Defendant and

Plaintiff's union, the Association of Union Staff and Office

Personnel ("AUSOP"). This matter comes before the Court upon the

Defendant's motion to dismiss Plaintiff's Complaint under Rule

12(b)(6), Fed. R. Civ. P. [Docket Item 4.] For the following

reasons, the motion to dismiss will be granted.

## II. BACKGROUND[1]

### A. Factual Background

Defendant is a collective bargaining organization that

represents the interests of public employees in southern New

Jersey. (Compl. at ¶ 2.) In 1993, Defendant hired Plaintiff as a

Staff Representative. (Id. at ¶¶ 1, 3.) While employed by

Defendant, Plaintiff was represented by AUSOP, a collective

bargaining organization that represents the interests of the

employees of Defendant. (Id. at ¶ 6.) On March 3, 2011,

Plaintiff's employment was terminated by the Defendant. (Id. at

¶ 11.) Plaintiff alleges that her termination violated specific

---

[1] For purposes of the pending motions, the Court accepts as true
the version of events set forth in Plaintiff's Complaint,
documents explicitly relied upon in the Complaint, and matters
of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d
Cir. 2014). The Court may consider these documents on a motion
to dismiss without converting the motion to one for summary
judgment. Id.

provisions, discussed <u>infra</u>, of the collective-bargaining agreement between AUSOP and AFSCME.

On January 11, 2010, Defendant entered into a written collective bargaining agreement with AUSOP entitled "The Agreement Between American Federation of State, County, and Municipal Employees, AFL-CIO District Council 71 and the Association of Union Staff and Office Personnel" (hereinafter, "the Agreement" or "the CBA") that provided a "number of rights" to the members of the AUSOP, including Plaintiff, with respect to their terms of employment. (<u>Id.</u> at ¶¶ 7-8, 10.) There are four specific provisions of the Agreement that relate to Plaintiff's Complaint: a formal disciplinary procedure requiring "just and sufficient" cause for termination, an arbitration process for adjudicating grievances resulting from termination, the "last-in, first-out" policy of laying off employees based on seniority, and the policy requiring severance pay to terminated employees (<u>Id.</u> at ¶ 9; see also Agreement Arts. VI-VIII, XV, [Ex. A to the Complaint], at 19-21, 27.)

Plaintiff alleges that Defendant failed to adhere to the above provisions of the Agreement in carrying out her termination. (Compl. at ¶¶ 15-16.) Specifically, Plaintiff alleges that Defendant's actions amounted to a breach of contract (Count I), legal fraud, in misrepresenting its intent to be bound by the Agreement (Count II), promissory estoppel

(Count III), and bad faith (Count V), and also advances a claim

of equitable estoppel to preclude Defendant from disclaiming the

validity of the Agreement (Count IV). (<u>Id.</u> at ¶¶ 17, 25, 29-31,

40, 45.)

**B. Procedural History**

Plaintiff initially brought the Complaint before the

Superior Court of New Jersey, Cumberland County, on December 21,

2016. (Notice of Removal at 2 ¶ 1.) On February 15, 2017,

Defendant timely removed the case to federal court on the basis

of federal question jurisdiction. (<u>Id.</u> at 2 ¶ 5.) On February

22, 2017, Defendant filed an unopposed motion to dismiss the

case pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Docket Items 4

& 9.]

**C. Parties' Argument**

Defendant argues that all claims alleged in Plaintiff's

Complaint arise from violations of the CBA between AFSCME and

AUSOP, and are thus governed by the Labor Management Relations

Act ("LMRA"), 29 U.S.C. § 185(a) (2012). (Def. Br. at 1, 5.)

Defendant asserts that the LMRA preempts any state-law contract

claims when those claims are dependent upon an analysis of an

agreement between parties to a labor contract, including

attendant quasi-contract claims of legal fraud as well as

promissory and equitable estoppel. (<u>Id.</u> at 8-9.) Thus, according

to the Defendant, Plaintiff's claims are all preempted by the

LMRA and time-barred by the statute's six-month statute of limitations, mandating the dismissal of the Complaint. (<u>Id.</u> at 5.) Plaintiff does not oppose Defendant's motion. [Docket Item 9.]

## III. **STANDARD OF REVIEW**

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of her "entitle[ment] to relief," which requires more than mere labels and conclusions. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. <u>Id.</u> A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

## IV. DISCUSSION

### A. LMRA § 301 Preemption

Defendant argues that Plaintiff's claims, though pled as state-law claims, are preempted by § 301 of the LMRA. Section 301 grants federal jurisdiction for suits arising from a "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." Labor Management Relations (Taft-Hartley) Act § 301(a), 29 U.S.C. § 185(a) (2012).

Section 301 not only governs claims founded on rights vested in collective bargaining agreements, but also claims that are "substantially dependent upon analysis of the terms" of a collective bargaining agreement. Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). While § 301 does not facially preempt state law, the Supreme Court has held that the interests in "interpretive uniformity and predictability" in interpreting labor contracts and resolving labor-contract disputes requires the uniform application of federal law to claims that are

substantially dependent upon collective bargaining agreements.
Allis-Chalmers Corp., 471 U.S. at 211. Accordingly, a plaintiff
cannot evade the requirements of § 301 by casting claims that
are substantially dependent upon the terms of a collective
bargaining agreement as state-law contract claims. Int'l Bhd. of
Elec. Workers v. Hechler, 481 U.S. 851, 859 n.3 (1987) (citing
Allis-Chalmers Corp., 471 U.S. at 211). Indeed, the Supreme
Court has held that the scope of § 301 preemption is powerful
enough to "displace entirely any state cause of action" arising
from violations of an agreement between an employer and a labor
organization. Antol v. Esposto, 100 F.3d 1111, 1115 (3d Cir.
1996) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation
Tr., 463 U.S. 1, 23 (1983)).

Here, the Agreement is one between an employer (AFSCME) and
a labor organization (AUSOP) and is thus covered by the LMRA. 29
U.S.C. § 152(2) (excluding labor organizations from the
definition of "employer" under the National Labor Relations Act
unless the labor organization is "acting as an employer."); see
Office Emps. Int'l Union Local No. 11 v. NLRB, 353 U.S. 313, 316
(1957) ("When a labor union takes on the role of an employer the
[NLRA] applies to its operations just as it would to any other
employer."). [2] Accordingly, Count I of Plaintiff's Complaint –

---

[2] When the LMRA was enacted in 1947, it amended the National
Labor Relations Act (NLRA) and absorbed the seventeen sections

alleging breach of contract by Defendant in violation of the
rights granted Plaintiff by the Agreement – is preempted by §
301, which preempts claims "founded directly" upon rights
created by an agreement covered by the LMRA. Hughes v. ABB Inc.,
131 F. App'x 379, 380 n.1 (3d Cir. 2005) (citing Allis-Chalmers
Corp., 471 U.S. at 210; Lingle v. Norge Div. of Magic Chef,
Inc., 486 U.S. 399, 403-04 & n.3 (1988); Beidleman v. Stroh
Brewery Co., 182 F.3d 225, 232 (3d Cir. 1999)). The Court will
address each of Plaintiff's remaining claims in turn to
determine whether they are preempted by § 301.

### 1. Plaintiff's Legal Fraud Claim is Preempted by § 301

Plaintiff in Count II of her Complaint claims legal fraud,
alleging that Defendant falsely represented its intent to be
bound by the terms of the Agreement – both by its consent via
signature and its conduct thereafter in making representations
as to the Agreement's validity – and that Plaintiff was harmed
by virtue of her reasonable reliance on Defendant's
representations. (Compl. at ¶¶ 20, 22-25.) Defendant argues that
this claim is also preempted by § 301 of the LMRA. (Def. Br. at
8). Claims of fraud that "substantially depend" on the Court's
analysis of the provisions of a CBA, such that the "heart" of

---

of the NLRA (as amended). Se. Pa. Transp. Auth. v. Bhd. of R.
Signalmen, 882 F.2d 778, 789 n.11 (3d Cir. 1989); Isbrandtsen
Co. v. Marine Eng'rs Beneficial Assoc., 256 F. Supp. 68, 71
(E.D.N.Y. 1966).

the claim arises from rights or responsibilities outlined in the CBA, are preempted by § 301. Guerrero v. Hovensa, 259 F. App'x 453, 458 (3d Cir. 2007).

Fraud claims substantially depend on an analysis of a CBA when the Court must interpret the provisions of the CBA in order to determine the particular obligations of the defendant. In Beidleman v. Stroh Brewery Co., 182 F.3d 225, 228-29 (3d Cir. 1999), plaintiffs brought suit alleging that the defendant's hiring practices violated the terms of their existing labor agreement, which required the defendant to recall laid-off employees based on seniority. The plaintiffs claimed, inter alia, that defendant's denial of the existence and validity of the labor agreement, coupled with defendant's alleged repeated violations of its terms, constituted fraudulent misrepresentation. Id. at 229. The Third Circuit found that in order to evaluate whether the defendant had denied the plaintiffs their rights under the agreement, they needed to analyze the terms of the agreement itself:

> The "misrepresentation" at issue is the [defendants'] refusal to acknowledge the validity of the [labor] agreement. Clearly, for a court to decide the merits of this claim it must interpret those terms in the agreement setting forth the [defendants'] obligations, for if the [labor] agreement does not contain terms that bind the [defendants], then no "misrepresentation" exists.

Id. at 233.

Accordingly, the Court held that the plaintiffs' fraud claim was substantially dependent upon an analysis of the labor agreement between the parties, and was thus preempted by § 301. Id. at 234.

Here, as in Beidleman, Plaintiff claims that Defendant is violating the terms of the Agreement between AUSOP and AFSCME and alleges that Defendant's disclaimer of the Agreement's validity constitutes fraud. (Compl. at ¶¶ 17, 21, 25.) Plaintiff's claim, like the claim of the plaintiffs in Beidleman, requires the Court to interpret the provisions of the Agreement that Plaintiff alleges Defendant to have violated, and determine whether those provisions are binding upon the Defendant. Therefore, Plaintiff's fraud claim is substantially dependent upon an analysis of the terms of the Agreement, and is thus preempted by § 301 of the LMRA.

## 2. Plaintiff's Promissory Estoppel Claim is Preempted by § 301

Next, Plaintiff brings a claim for promissory estoppel (Count III), claiming she was damaged by virtue of her reasonable reliance on Defendant's promises in the Agreement. (Id. at ¶¶ 29-31.) Defendant argues that this claim is also preempted by § 301. (Def. Br. at 7-8.) In the absence of a valid contract, promissory estoppel precludes a promisor from disclaiming the validity of a promise when a promisee has

materially changed its position in reasonable reliance on the promise. *Promissory Estoppel*, BOUVIER LAW DICTIONARY (Desk Ed. 2011-12). Under New Jersey law, the elements of a promissory estoppel claim are (1) a clear and definite promise that was (2) made with the expectation that the promissee will act in reliance; (3) reasonable reliance by the promissee; and (4) substantial detriment to the promissee. Cotter v. Newark Hous. Auth., 422 F. App'x 95, 99 (3d Cir. 2011) (citing Toll Bros., Inc. v. Bd. Of Chosen Freeholders of Cty. of Burlington, 194 N.J. 223, 944 A.2d 1, 19 (N.J. 2008)).

    As with other claims related to violations of an agreement between an employer and a labor organization, a promissory estoppel claim is preempted if the "heart of the claim is embodied in a right created by the Collective Bargaining Agreement," and so allowing the promissory estoppel claim would permit plaintiffs to "circumvent" the preemptive purpose of § 301 of the LMRA by re-casting alleged violations of collective-bargaining agreements as state-law claims. Leonardis v. Burns Int'l Sec. Servs., Inc., 808 F. Supp. 1165, 1182 (D.N.J. 1992). When a promissory estoppel claim is based on a plaintiff's detrimental reliance on rights granted by a collective-bargaining agreement, the courts in this district find that "claims sounding in both breach of contract and promissory estoppel implicate the same concerns with regard to § 301," and

note that other Courts of Appeals faced with the issue of § 301 preemption often analyze promissory estoppel in tandem with breach-of-contract claims. <u>Pilvalis v. Lockheed Martin Corp.</u>, No. 12-1354 (NLH/JS), 2013 WL 1164498, at *10 (D.N.J. Mar. 20, 2013); <u>Leonardis</u>, 808 F.Supp. at 1182 (citing, <u>inter</u> <u>alia</u>, <u>Fox v. Parker Hannifin Corp.</u>, 914 F.2d 795, 801 (6th Cir. 1990) and <u>Anderson v. Ford Motor Co.</u>, 803 F.2d 953, 957-959 (8th Cir. 1986)); <u>see also</u> <u>Audette v. Int'l Longshoremen's & Warehousemen's Union, Local 24</u>, 195 F.3d 1107,1112 (9th Cir. 1999); <u>see also</u> <u>Doll v. U.S. W. Communs.</u>, Inc., 85 F. Supp. 2d 1038, 1046 (D. Colo. 2000), <u>aff'd</u>, 60 F. App'x 250 (10th Cir. 2003) ("For the same reasons stated above in connection with the breach of contract claim, the procedures and promises that defendant made with its employees are governed by the CBA and necessarily require interpretation of the CBA.").

Here, Plaintiff's Complaint clearly states that the promissory estoppel claim is predicated on Plaintiff's reliance on the promises expressly contained within the Agreement: specifically, the disciplinary and grievance procedures, the "last-in, first-out" policy, and the severance pay policy. (Compl. at ¶¶ 28, 30.) Thus, the Court finds that Plaintiff's promissory estoppel claim is substantially dependent upon an analysis of the promises set forth in the Agreement; to allow Plaintiff to state such a claim would effectively permit her to

circumvent the LMRA by recasting a claim for violation of a
labor agreement as a state-law quasi-contract claim.
Accordingly, the Court holds that Plaintiff's promissory
estoppel claim is preempted by § 301.[3]

### 3. Plaintiff's Bad Faith Claim is Preempted by § 301

Finally, Plaintiff alleges that Defendants' unreasonable
refusal to honor the promises set forth in the Agreement
constitutes bad faith (Count V). (Compl. at ¶¶ 43, 45-46.)
Defendant argues that this claim is also preempted by § 301.
(Def. Br. at 8-9.) Under New Jersey common law, "every contract
. . . contains an implied covenant of good faith and fair
dealing." BK Trucking Co. v. PACCAR, Inc., Civil Action No. 15-
2282 (JBS/AMD), 2016 WL 3566723, at *10 (D.N.J. June 30, 2016)
(quoting Kalogeras v. 239 Broad Ave., L.L.C., 202 N.J. 349, 366

---

[3] Plaintiff also asserts a related claim of equitable estoppel,
arguing that Defendant should be precluded from disclaiming the
validity of the promises contained within the Agreement, because
Defendant had reason to know that Plaintiff would reasonably
rely on the promises contained therein (Count IV). (Compl. at ¶¶
35-38, 40.) As this claim – like Plaintiff's claim of promissory
estoppel – is also a quasi-contract estoppel claim and pertains
to the same promises set forth within the Agreement, the Court
holds for these same reasons that Plaintiff's equitable estoppel
claim is also preempted by § 301. See Heard v. SBC Heard v. SBC
Ameritech Corp., No. 05-CV-71712-DT, 2005 WL 1802086, at *10
(E.D. Mich. July 27, 2005), aff'd, 205 F.App'x 355 (6th Cir.
2006) (addressing, in tandem, plaintiff's requests for leave to
amend her complaint to add claims of promissory and equitable
estoppel, and denying both requests because each claim would be
predicated on the same promises contained within the CBA and
were thus preempted by § 301).

(2010)). The duty of good faith and fair dealing requires that
each party perform in good faith and that "neither party will
interfere with or destroy the other's reasonable expectations
under the contract." Dana Transp., Inc. v. Ableco Fin., LLC,
Civil Action No. 04-2781, 2005 WL 2000152, at *3 (D.N.J. Aug.
17, 2005) (citing Sons of Thunder, Inc. v. Borden, Inc., 148
N.J. 396, 420 (1997)).

Section 301 does not preempt state common-law claims that
exist independently of a labor contract, but does preempt claims
that "derive from the rights and obligations" of the agreement.
Allis-Chalmers Corp., 471 U.S. at 212-13, 217; see, e.g.,
Stellar v. Allied Signal, Inc., 98 F. Supp. 3d 790, 800 (E.D.
Pa. 2015) (finding that § 301 did not preempt plaintiff's claim
of breach of the duty to provide a safe work environment,
because that duty was derived from state common law and did not
depend upon the CBA). In Allis-Chalmers Corp., 471 U.S. at 204,
206, a plaintiff brought suit against his employer for failing
to make timely disability payments under the negotiated
disability plan included within the collective bargaining
agreement between the employer and his union, alleging that the
employer's intentional and repeated failure to make the payments
constituted a breach of its duty of good faith. The Supreme
Court found that the implied duty to act in good faith in
fulfilling the promises of the collective-bargaining agreement

14

was "inextricably intertwined with consideration of the terms of the labor contract" to determine what would constitute a breach of the duty of good faith in performing under the contract. Id. at 213. Accordingly, the Court found that the duty of good faith in the performance of the CBA's provisions was "tightly bound with questions of contract interpretation that must be left to federal law," and held that the plaintiff's bad-faith claim was preempted by § 301. Id. at 216-17.

Here, as in Allis-Chalmers Corp., Plaintiff's bad-faith claim requires the Court to analyze the parties' responsibilities under the Agreement between AUSOP and AFSCME in order to determine what would constitute a breach of the duty of good faith in fulfilling the promises contained within the Agreement. Plaintiff alleges that Defendant's "unreasonable refusal" to honor the Agreement's promises – specifically, the disciplinary and grievance procedures, the "last-in, first-out" policy, and the severance policy – constitutes bad faith; for the Court to analyze the reasonableness of Defendant's refusal, it must interpret the terms of the relevant provisions of the Agreement to determine what Defendant promised to perform. (Compl. at ¶¶ 43, 45.) Plaintiff's bad-faith claim is thus substantially dependent upon the terms of the Agreement, and so the Court finds that this claim is also preempted by § 301.

**B. Statutes of Limitations for § 301 and "Hybrid" § 301 Claims**

15

Defendant next argues that because the Plaintiff's claims are preempted by § 301, they should be dismissed as time-barred by the six-month statute of limitations set forth in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). (Def. Br. at 5.) Ordinarily, a defendant must raise the statute of limitations as an affirmative defense in her response to the complaint. Fed. R. Civ. P. 8(c). However, if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," a statute of limitations defense may be made in the context of a Rule 12(b)(6) motion. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2012)). To be cognizable in a Rule 12(b)(6) motion, in other words, the adjudication of the statute of limitations issue cannot depend on matters outside the pleadings. A motion to dismiss under Rule 12(b)(6) on statute of limitations grounds should be granted only if the complaint "facially shows noncompliance with the limitations period." Oshiver v. Levin, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). If the bar is not apparent on the face of the complaint and documents attached thereto or incorporated therein, then it may not afford the basis of a dismissal under Rule 12(b)(6). Schmidt, 770 F.3d at 249.

The LMRA does not expressly provide for any time limitations on bringing a § 301 action. The Supreme Court in UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 702-03 (1966) found that statutes of limitations do not implicate concerns about uniformity of labor-contract interpretation as does the preemption doctrine, because "for the most part, statutes of limitations only come into play when [the labor agreements] have already broken down." Accordingly, the Court held that in the absence of a governing federal provision, the timeliness of a § 301 suit should be determined "as a matter of federal law by reference to the appropriate state statute of limitations." Id. at 704-05.

However, the Supreme Court has carved out an exception to the rule set forth in Hoosier: "hybrid" § 301 claims. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983). Hybrid § 301 claims are claims that amount to a "direct challenge to the private settlement of disputes under [the collective-bargaining agreement]." Id. (quoting UPS v. Mitchell, 451 U.S. 56, 66 (1981) (J. Stewart, concurring) (internal quotations omitted)). When a collective-bargaining agreement includes mandatory grievance and arbitration procedures, employees who attempt to bring suit for breach of the CBA are ordinarily required to show that they have exhausted all grievance and arbitration remedies provided therein.

DelCostello, 462 U.S. at 163 (citing Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965)). However, the Supreme Court has recognized that this requirement may unduly prejudice employees when their representative union breaches its duty to fairly represent the employee by failing to arbitrate the grievance. Vaca v. Sipes, 386 U.S. 171, 185-86 (1967); see also Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 571 (1976). Thus, for an employee who has not exhausted the grievance and arbitration provisions of her collective-bargaining agreement to bring suit for a breach of the CBA, she must show both that her employer violated the agreement and that her union breached the duty of fair representation by not pursuing her grievance through arbitration. Vaca, 386 U.S. at 186. Such claims are called "hybrid" § 301 claims because the "claim against the employer is based on § 301, but the duty of fair representation is derived from the NLRA." Mitchell, 451 U.S. 56, 66.[4]

**C. Determining the Applicable Statute of Limitations**

Hybrid and pure § 301 claims are subject to different statutes of limitation. The Supreme Court has held that hybrid §

---

[4] Hybrid claims do not actually require that the union be named as a defendant in the case, just that the plaintiff carry the burden of proving both a breach of the CBA by the employer and a breach of the duty of fair representation by the union. See, e.g., DelCostello, 462 U.S. at 165 ("The employee may, if he chooses, sue [either the employer or the union] and not the other; but the case he must prove is the same whether he sues one, the other, or both.").

18

301 claims are subject to the six-month statute of limitations

set forth in § 10(b) of the National Labor Relations Act (NLRA),

29 U.S.C. § 160(b). DelCostello, 462 U.S. at 171.[5] As non-hybrid

§ 301 claims are subject to the Hoosier directive that federal

courts reference the appropriate state statute of limitations,

the Court looks within the District to determine the most

appropriate time-bar for non-hybrid claims in New Jersey. See

Local 966, Int'l Bhd. of Teamsters v. JCB, Inc., No. 2:12-cv-

00202 (WJM), 2013 WL 1845607, at *2 (D.N.J. Apr. 29, 2013)

(quoting Office & Prof'l Emp. Int'l Union, Local No. 471 v.

Brownsville Gen. Hosp., 186 F.3d 326, 336 (3d Cir. 1999)

("Because Section 301 contains no limitations period, the most

analogous state statute of limitations [is] adopted as federal

law."). New Jersey law provides a six-year statute of

limitations for parties seeking to confirm arbitration awards,

but parties who seek to reverse an arbitral award are subject to

a 90-day statute of limitations. N.J.S.A. STAT, §§ 2A:24, 7-9;

see Local 966, Int'l Bhd. of Teamsters v. JCB, Inc., No. 2:12-

cv-00202 (WJM), 2013 WL 1845607, at *2 (citing Taylor v. Ford

Motor Co., 703 F.2d 738, 740 (3d Cir. 1983); Hotel & Rest. Emp.

---

[5] The Supreme Court applied the NLRA's six-month statute of
limitations in order to balance the employee's interest in a
just settlement under the collective-bargaining system with the
national interest in "stable bargaining relationships and the
finality of private settlements." Id.

& Bartenders Intern. Union, Local 54 v. Ramada, Inc., 624 F.

Supp. 1121, 1124 (D.N.J. 1986); Policeman's Benevolent Assoc.,

Local 292 v. Bor. of North Haledon, 158 N.J. 392, 401, (1999))

("In plenary actions like this one, New Jersey law provides

parties with six years in which to confirm an arbitration award

but only three months in which to vacate an arbitration

award.").

Here, Plaintiff has not specified in her Complaint whether

she exhausted all available remedies provided in Article VII of

the Agreement.[6] If Plaintiff has not completed the arbitral

process set forth in the Agreement, then her claim is a hybrid

§ 301 claim, as she must allege that the AUSOP breached its duty

of fair representation by failing to pursue her grievance

through arbitration in order to bring suit. Plaintiff, however,

has not named AUSOP as a party nor claimed AUSOP breached its

duty of fair representation. Such a claim would be time-barred

in any event by the six-month statute of limitations set forth

in § 10(b) of the NLRA, because the Plaintiff pleads in her

Complaint that she was terminated in March 2011. (Compl. at ¶

11.) Moreover, a grant of leave to amend the Complaint would be

---

[6] Article VII of the Agreement includes a grievance and
arbitration procedure which allows Plaintiff to raise a
grievance directly, though it ultimately requires AUSOP to
request arbitration for the employee's grievance. (Agreement Art.
VII, Ex. A at 20.)

futile: If the Plaintiff has exhausted all available remedies, and is seeking to reverse an arbitral award in favor of Defendant, her suit would be time-barred by New Jersey's 90-day statute of limitations for reversal or modification of arbitral awards. Plaintiff's Complaint thus facially shows noncompliance with either applicable statute of limitations, and so Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court will dismiss Plaintiff's claims with prejudice.[7]

## V.   CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's claims with prejudice. An appropriate Order shall issue on this date.

**July 12, 2017**                                **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  U.S. District Judge

---

[7] A court may deny leave to amend a complaint where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." United States ex rel. Schumann v. AstraZeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, because the Plaintiff's complaint is legally insufficient, and not merely factually insufficient, any amendment would be futile.